IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HUMANA INC.,** | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-22-3211 |
| | * | |
| **UNITED THERAPEUTICS CORPORATION,** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Humana Inc. ("Humana") is a health insurance company incorporated in Delaware with its principal place of business in Kentucky. ECF 1, ¶ 11. United Therapeutics Corporation ("UT") is a pharmaceutical manufacturer incorporated in Delaware with its principal place of business in Maryland. *Id.* ¶ 12. Humana claims that UT unlawfully covered patients' copays for UT drugs. By enabling more patients to afford the drugs, UT's illicit subsidies allegedly led more of Humana's insureds to use them. That meant Humana had to pay more claims for the drugs than the insurer would have otherwise. So Humana filed this case against UT for violating the civil Racketeer Influenced & Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, Kentucky common law,[1] and the statutes of over a dozen states. ECF 1. Now, UT moves to dismiss the complaint for

---

[1] "Federal courts, when exercising their diversity or pendent jurisdiction over state law claims, must of course, apply the choice of law rules applicable in the forum state." *ITCO Corp. v. Michelin Tire Corp., Com. Div.*, 722 F.2d 42, 49 n. 11 (4th Cir. 1983) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487 (1941)). Here, the Court would be exercising supplemental jurisdiction. "For tort claims, Maryland generally adheres to the *lex loci delicti commissi*, or place of harm, principle to determine the applicable state's substantive law." *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 696 (D. Md. 2011) (citing *Hauch v. Connor*, 453 A.2d 1207, 1209–10 (Md. 1983)); *see also DiFederico v. Marriott Int'l, Inc.*, 714 F.3d 796, 807 (4th Cir. 2013). Under the place of harm principle, the Court applies the law of "the place where the injury was suffered, not where the wrongful act took place." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 511 (4th Cir. 1986). Typically, when a corporation alleges that it suffered injury in the

failure to state a claim. ECF 27. The motion is fully briefed. ECF 27-1, 32, 33. No hearing is necessary. *See* Loc. R. 105.6. The Court grants UT's motion to dismiss.

For the reasons set forth in Part III.B of the memorandum opinion issued today in the related case of *United Healthcare Services, Inc. v. United Therapeutics Corporation*, DLB-22-2948, Humana's RICO claims (Counts V and VI) are dismissed with prejudice because amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (court need not provide opportunity to amend if amendment would be futile); *United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 305 n.6 (4th Cir. 2017) ("[W]hen a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend.") (citation omitted).

That leaves Humana's state law claims. A federal court may exercise supplemental jurisdiction over state law claims even after the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). But a court may decline to exercise supplemental jurisdiction instead. Federal law commits the decision to the court's discretion. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617–18 (4th Cir. 2001). In the exercise of this discretion, courts focus on "the values of judicial economy, convenience, fairness, and comity." *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Hinson*, 239 F.3d 611, 617–18. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7.

This is the "usual case." *Id*. Because the remaining claims sound in state law alone, a state court is better suited to hear them. Exercising supplemental jurisdiction would undermine, rather

---

form of economic loss, the place of injury is the place the corporation is headquartered. *See, e.g.*, *KeraLink Int'l, Inc. v. Stradis Healthcare, LLC*, No. CCB-18-2013, 2021 WL 4420636, at *6 (D. Md. Sept. 27, 2021). For Humana, that state is Kentucky. ECF 1, ¶ 11. So Kentucky law applies.

than promote, judicial economy, comity, and fairness to the parties. Having dismissed Humana's federal claims, the Court declines to exercise supplemental jurisdiction over its state claims. They are dismissed without prejudice.

    For the reasons stated above, it is this 25th day of March, 2024 hereby ORDERED that

1. United Therapeutics Corporation's motion to dismiss, ECF 27, is GRANTED;

2. Counts V and VI are dismissed with prejudice;

3. Counts I, II, III, IV, VII, VIII, and IX are dismissed without prejudice; and,

4. The Clerk SHALL CLOSE this case.

_____
Deborah L. Boardman
United States District Judge